UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY J. REED,

    Appellant,

Case No. 16-cv-11777
Hon. Matthew F. Leitman

v.

VERLADIA BLOUNT,

    Appellee.

_____/

## ORDER VACATING DEFAULT JUDGMENT
## AND REMANDING FOR FURTHER PROCEEDINGS

On August 28, 2014, Debtor/Appellant Gregory Reed ("Reed") filed for bankruptcy under Chapter 7 of the Bankruptcy Code. (*See* Bankruptcy Case No. 14-53838.) Thereafter, Appellee Verladia Blount ("Blount"), Reed's ex-wife, filed a claim in Reed's bankruptcy proceedings (the "Claim"). In the Claim, Blount sought a total of $230,000 that she had been awarded against Reed under a Final Judgment of Divorce entered by the Wayne County Circuit Court.

In addition to filing the Claim, Blount also initiated a related adversary proceeding against Reed in the Bankruptcy Court (the "Adversary Proceeding"). Blount's First Amended Complaint in the Adversary Proceeding alleged that the $230,000 debt underlying the Claim was nondischargeable under 11 U.S.C. § 727(a)(2), (3), (4), and (5). (*See* Adversary Proceeding Dkt. #17.) After Reed's

1

repeated failures to comply with his discovery obligations, the Bankruptcy Court entered a judgment of default against Reed and ordered that Reed be denied discharge. (*See* Adversary Proceeding Dkt. #39.)

On February 26, 2016. Reed filed a motion to set aside the default judgment and dismiss the adversary proceeding (the "Motion to Set Aside Default Judgment and Dismiss"). (*See* Adversary Proceeding Dkt. #40.) Reed asserted that the Bankruptcy Court lacked subject matter jurisdiction in the Adversary Proceeding because of the absence of a "case or controversy" as required by Article III, Section 2, of the United States Constitution. (*See* Adversary Proceeding Dkt. #40-2 at 2-5.) According to Reed, the $230,000 debt underlying the Claim was non-dischargeable by operation of law under two self-effectuating sections of the Bankruptcy Code, 11 U.S.C. §§ 523(a)(5) and 523(a)(15). (*Id* at 3.) Thus, Reed contended, Blount would "gain nothing for herself by blocking Defendant's discharge under 11 U.S.C. §727," and the Adversary Proceeding accordingly did not present a live case or controversy. (*Id*.) The Bankruptcy Court denied Reed's Motion to Set Aside Default Judgment and Dismiss and also denied Reed's subsequent motion for reconsideration. (*See* Adversary Proceeding Dkt. # 44, 46.) Reed timely appealed both of the Bankruptcy Court's orders.

At the hearing before this Court on October 20, 2016, Blount's counsel candidly acknowledged to the Court that the Bankruptcy Court lacked (and that this

Court also lacks) Article III jurisdiction over the Adversary Proceeding for the reasons stated in Reed's Motion to Set Aside Default Judgement and Dismiss. Given that acknowledgment, the Court will vacate the default judgment.

Blount's counsel has a plan to remedy the lack of Article III jurisdiction. She explained that she will seek permission to file a Second Amended Complaint in the Adversary Proceeding, and in that Second Amended Complaint, she will seek to avoid the discharge of amounts that are not already nondischargeable by operation of law. Whether to permit the proposed amendment is a matter that should be first addressed by the Bankruptcy Court on remand. Likewise, the Bankruptcy Court should have the first opportunity to rule on any challenges by Reed to the merits of the proposed amendment.

Accordingly, **IT IS HEREBY ORDERED** that the Bankruptcy Court's Order Denying Defendant's Motion to Set Aside Default Judgment is **VACATED**. The Case is **REMANDED** to allow Blount to move to file a Second Amended Complaint and for any other proceedings that are consistent with this order.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  October 25, 2016

3

     I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 25, 2016, by electronic means and/or ordinary mail.

                                              s/Holly A. Monda
                                              Case Manager
                                              (313) 234-5113